**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

**LEE MADDEN, JR.
ADC #136534, et al.**                                                                                  **PLAINTIFFS**

**V.                         CASE NO.: 5:08CV00090 SWW/BD**

**STEVE JACKSON, et al.**                                                                         **DEFENDANTS**

**RECOMMENDED DISPOSITION**

**I.**      **Procedure for Filing Objections:**

The following recommended disposition has been sent to United States District Court Judge Susan Webber Wright.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date you receive the Recommended Disposition.  A copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

Mail your objections and "Statement of Necessity" to:

>Clerk, United States District Court
>Eastern District of Arkansas
>600 West Capitol Avenue, Suite A149
>Little Rock, AR 72201-3325

1

**II.     Background:**

Separate Plaintiff Lee Madden Jr., an Arkansas Department of Correction ("ADC") inmate, purports to bring this action pro se under 42 U.S.C. § 1983 on behalf of himself and Plaintiff Billy Wheeler (docket entry #2).  In the complaint, Separate Plaintiff Madden alleges that while he has been incarcerated he has been "threatened, sexually harassed, sodomized, deprived of natural right, [and] discriminated against." Specifically, Plaintiff Madden claims that Separate Defendants Schedowski, Jackson, and James have sexually assaulted him by touching his buttocks on three different occasions. Plaintiff Madden also includes a list of fifteen "related claims" that are completely unsupported by any factual allegations.  The complaint is void of any facts supporting a § 1983 claim on behalf of Separate Plaintiff Wheeler.

Plaintiffs have failed to state a cognizable claim under 42 U.S.C. § 1983. Accordingly, the Court recommends DISMISSAL of Plaintiffs' complaint (#2).

**III.    Standard:**

Federal courts are required to screen prisoner complaints seeking relief against a governmental entity, officer, or employee.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C § 1915A(b).

To state a cognizable claim under 42 U.S.C. § 1983, a plaintiff must allege that the conduct of a defendant acting under color of state law deprived him of a right, privilege, or immunity secured by the federal Constitution or laws of the United States. 42 U.S.C. §1983. While a court must accept the factual allegations in the complaint as true and hold a plaintiff's pro se complaint "to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*), a plaintiff still must assert facts sufficient to state a claim as a matter of law. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

IV.   **Analysis:**

   A.   *Separate Plaintiff Billy Wheeler*

As an initial matter, the Court notes that although Billy Wheeler is listed as a Plaintiff in this lawsuit, he did not file a separate application to proceed *in forma pauperis* as required by the Prison Litigation Reform Act. 28 U.S.C. §1915(b)(1). In the complaint, Plaintiff Wheeler is only referenced one time as a witness to an incident in which Plaintiff Madden was involved. Because Plaintiff Wheeler makes no allegation of any constitutional violation that he actually has suffered; nor does he allege any specific injury that he has sustained as a result of Defendants' conduct, Plaintiff Wheeler's claims should be dismissed in their entirety.

B.   *Sexual Assault Claim*

Plaintiff alleges that Separate Defendants Shedowski, Jackson, and James "sexually assaulted" him in violation of his Eighth Amendment rights. However, Plaintiff has failed to state a claim for the alleged "sexual assault" by these Defendants.

The Eighth Amendment prohibits cruel and unusual punishment. However, "[n]ot every governmental action affecting the interests or well-being of a prisoner is subject to Eighth Amendment scrutiny." *Whitley v. Albers*, 475 U.S. 312, 319 (1986). "[A]n Eighth Amendment claimant must allege and prove the unnecessary and wanton infliction of pain." *Hudson v. McMillian*, 503 U.S. 1, 8 (1992). If a prisoner challenges the conditions of his confinement, a plaintiff must show (1) that the conditions were "objectively sufficiently serious or caused an objectively serious injury" and (2) that the defendants were deliberately indifferent to the inmate's "constitutional rights, health, or safety." *Berryhill v. Schriro*, 137 F.3d 1073, 1076 (8th Cir. 1998) (citing *Stephens v. Johnson*, 83 F.3d 198, 200-01 (8th Cir. 1996).

The United States Court of Appeals for the Eighth Circuit specifically addressed whether the brief touching of an inmate's buttocks was sufficient to maintain a § 1983 action in *Berryhill v. Schriro*, *supra*. In *Berryhill*, a plaintiff inmate filed a § 1983 action against civilian prison maintenance employees who allegedly sexually assaulted him. In that case, the plaintiff inmate alleged that he was touched on his buttocks by two prison employees on two separate occasions. The *Berryhill* plaintiff did not produce any evidence

showing that the touching was "accompanied by any sexual comments or banter" during the incidents, nor did he state that feared sexual abuse. *Berryhill*, 137 F.3d at 1076. The Eighth Circuit Court held that the *Berryhill* plaintiff could not demonstrate that the brief touches to his buttocks could be construed as a sexual assault; nor could the "unwelcome touches amount[] to unnecessary and wanton infliction of pain." *Id.* at 1077. The Court stated that judgment as a matter of law was appropriate because the plaintiff "failed to create a material question of fact on the objective component of his Eighth Amendment claim." *Id*. For the same reasons, the Plaintiff in ths case has failed to state a § 1983 claim against Defendants Schedowski, Jackson, and James.

Here, Plaintiff claims that Separate Defendants Schedowski, Jackson, and James have sexually assaulted him by touching his buttocks on three separate occasions. Plaintiff first alleges that Separate Defendant Schedowski "touched [his] rear end" on February 18, 2007. Plaintiff then states that Separate Defendant Jackson "touched [his] rear end" on December 17, 2006. Finally, Plaintiff alleges that Separate Defendant James "touched [his] rear end out of humanity" on February 28, 2008. Plaintiff does not allege that any of these Defendants made any sexual comments or engaged in any sexual banter during these incidents. Further, Plaintiff does not allege that he feared any sexual abuse during these incidents. Like the *Berryhill* inmate, Plaintiff does not allege any facts other than the brief touching to support his claim that there was some sort of sexual advancement or assault. Accordingly, Plaintiff's claims against these Defendants should be dismissed.

Further, Plaintiff has failed to allege any injury that he sustained, as required to pursue a § 1983 claim. Although Plaintiff states that he suffered "mentally, spiritually and physically" on December 11, 2007, that date does not correspond to any of the alleged sexual assaults. Further, Plaintiff does not specifically state any injury that he sustained as a result of Defendant Schedowski's, Jackson's, or James' conduct. Although Plaintiff need not demonstrate a "serious permanent injury" to support an Eighth Amendment claim, "some actual injury must be shown." *Berryhill*, 137 F.3d at 1077. Here, Plaintiff has failed to allege any injury. Accordingly, Plaintiff's claim must fail.

    C.    *Separate Defendant Deen*

To state a cognizable claim under 42 U.S.C. § 1983, a plaintiff must allege that the conduct of a defendant acting under color of state law deprived him or her of a right, privilege, or immunity secured by the federal Constitution or laws of the United States. 42 U.S.C. § 1983. Each plaintiff must allege that he or she has suffered an injury as a result of the violation. *Lewis v. Casey*, 518 U.S. 343, 351-52, 116 S.Ct. 2174, 2180 (1996); see also *Kind v. Frank*, 329 F.3d 979 (8th Cir. 2003).

Here, Plaintiff names Thomas Deen, Prosecuting Attorney, as a Defendant to this action. In his complaint, Plaintiff states that "Thomas Deen had Frank Spain, and Don Glover sentence me to the judgement of blood; here in prison." [sic] Both the United States Supreme Court and the Eighth Circuit Court of Appeals have recognized absolute immunity for prosecutors' "conduct in initiating a prosecution and in presenting the State's case."

See *Patterson v. Von Riesen*, 999 F.2d 1235, 1237 (8th Cir. 1993) (citing *Burns v. Reed*, 500 U.S. 478 (1991)). See also *Brodnicki v. City of Omaha*, 75 F.3d 1261, 1266 (8th Cir. 1996) (holding that prosecutor is entitled to absolute immunity when acting as an advocate for that state in a criminal prosecution). "Immunity is not defeated by allegations of malice, vindictiveness, or self-interest." *Reasonover v. St. Louis County, Mo.*, 447 F.3d 569, 580 (8th Cir. 2006) (citing *Burns v. Reed*, *supra*). Accepting all of the allegations in Plaintiff's complaint as true, Plaintiff fails to state a claim upon which relief may be granted as to Defendant Deen.[1]

D.   *Failure-to-Protect Claim*

In his Complaint, Plaintiff refers to several incidents in which he allegedly was harmed by other inmates. Reading Plaintiff's complaint liberally, he attempts to allege a failure-to-protect claim. However, the only prison official that Plaintiff specifically identifies as having failed to protect him is Unit Warden Kim Luckett. Warden Luckett is not named as a Defendant in this lawsuit. Plaintiff does not make any allegations regarding Defendant Schedowski's, Jackson's or James's failure to intervene or protect Plaintiff in

---

[1] In Plaintiff's statement of relief, he requests that he be released on parole. Such relief cannot be granted in a § 1983 action but rather must be brought in a habeas corpus action. *Wilson v. Lockhart*, 949 F.2d 1051, 1051-51 (8th Cir. 1991). The Court also notes that Plaintiff already has a habeas corpus action pending in the Eastern District of Arkansas. See *Madden v. State of Arkansas*, Eastern District of Arkansas, 5:08cv0059 SWW/BD.

any of the instances referenced in Plaintiff's complaint.[2]  Accordingly, Plaintiff's failure-to-protect claim should also be dismissed.

E.   *Plaintiff's "Related Claims"*

Plaintiff's complaint also contains a list of fifteen other "related claims."  However, Plaintiff fails to provide a factual basis for any of these claims.   Because Plaintiff fails to include any unconstitutional conduct to support these claims, the Court finds that Plaintiff's "related claims" also should be dismissed.

**V.   Conclusion:**

The Court recommends that Plaintiffs' complaint (#2) be dismissed and that Separate Plaintiff Madden's application to proceed in forma pauperis (#1)be DENIED as moot.

DATED this 10th day of April, 2008.

_____
UNITED STATES MAGISTRATE JUDGE

---

[2] In his complaint, Plaintiff states that he tried to get assistance from the "C.O." on two different occasions.  Although Defendant Schedowski is listed as a "C.O./Commanding Officer" in Plaintiff's complaint, the Court is not aware of whether Plaintiff is referring to Defendant Schedowski or another "C.O."in the body of his complaint.